UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bombardier Recreational Products Inc.
and BRP U.S. Inc.,

        Plaintiffs,

v.

Arctic Cat Inc. and Arctic Cat Sales, Inc.,

        Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 12-2706 ADM/LIB

___

Harry C. Marcus, Esq., Robert K. Goethals, Esq., and Joseph A. Farco, Esq., Locke Lord LLP, New York, NY; Kevin D. Conneely, Esq., Stinson Leonard Street LLP, Minneapolis, MN, on behalf of Plaintiffs.

Annamarie A. Daley, Esq., and Emily Grande Stearns, Esq., Barnes & Thornburg LLP, Minneapolis, MN; Niall A. MacLeod, Esq., Kutak Rock LLP, Minneapolis, MN, on behalf of Defendants.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiffs Bombardier Recreational Products Inc. and BRP U.S. Inc.'s (collectively, "BRP") Limited Objections [Docket No. 558] to Magistrate Judge Leo I. Brisbois' October 14, 2015 Order [Docket No. 555]. BRP objects to the portion of Judge Brisbois' Order that denied BRP's Motion to Permit Updating of Infringement and Non-Infringement Claim Charts to Cover 2014-15 Accused Snowmobiles [Docket No. 533]. For the reasons stated below, BRP's Objections are overruled and the Order is affirmed.

## II. BACKGROUND

BRP and defendants Arctic Cat Inc. and its wholly owned subsidiary Arctic Cat Sales,

Inc. (collectively, "Arctic Cat"), manufacture and sell snowmobiles. Am. Compl. [Docket No. 21] ¶¶ 1–4. On March 1, 2012, BRP filed an Amended Complaint, alleging that Arctic Cat infringed four United States Patents owned by BRP: U.S. Patent Nos. 7,124,847; 7,124,848; 7,377,348; and 7,213,669.[1] Id. The initial Pretrial Scheduling Order [Docket No. 79] required BRP to serve its infringement claim charts on or before April 30, 2013. The Pretrial Scheduling Order permitted BRP to amend its claim charts "only by leave of the Court for good cause shown." Pretrial Scheduling Order 5.

On May 1, 2013, BRP served its infringement claim chart. Conneely Decl. [Docket No. 536] Ex. H. In its claim chart, BRP explained that its infringement positions were based on publicly available information regarding model years 2008 to 2013 Arctic Cat snowmobiles. Id. at 2. As to Arctic Cat's model year 2014 snowmobiles, the public information vital to determining infringement—parts catalogues and service manuals—was unavailable on May 1, 2013. Thus, with regard to model year 2014 snowmobiles, in its claim chart BRP stated that it reserved "the right to supplement, amend, or modify their claim charts to include 2014 model year [Arctic Cat] snowmobiles." Id. at 2.

After BRP served its claim chart, the parties engaged in significant motion practice, including challenging the sufficiency of the opposition's claim charts. BRP argued that Arctic Cat's noninfringement claim chart was inadequate while Arctic Cat contended that BRP's claim chart lacked vital information. See Docket Nos. 129 and 135. During this time, BRP did not formally raise the issue of amending its claim chart to include model year 2014 or 2015

---

[1] On September 24, 2013, U.S. Patent No. 7,377,348 was dismissed from this case. See Docket No. 128.

snowmobiles. On November 27, 2013, the Pretrial Scheduling Order was amended. See Am. Pretrial Scheduling Order [Docket No. 153]. The April 30, 2013 deadline for BRP to serve its claim chart was not altered. The calendar year concluded without any request from BRP to amend its claim chart to include model year 2014 or 2015 snowmobiles.

On April 17, 2014, the parties Stipulated [Docket No. 258] to a Second Amended Pretrial Scheduling Order extending the deadlines for conducting and completing expert discovery and for filing motions related pleading amendments. See Second Am. Pretrial Scheduling Order [Docket No. 267]. The Second Amended Pretrial Scheduling Order did not alter claim chart deadlines and BRP did not formally request inclusion of model year 2014 or 2015 snowmobiles into the case.

On September 22, 2014, the parties submitted a Joint Claim Construction Statement [Docket No. 360] identifying the disputed claim terms. A claim construction hearing was held on May 4, 2015. During this time, BRP was again silent about requesting leave to amend its claim chart to add additional model year snowmobiles to the lawsuit.

On September 1, 2015, nearly four months after the claim construction hearing and before the claim construction order had been issued, BRP requested leave to amend its claim charts to include model year 2014 and 2015 snowmobiles. BRP argued that its request should be granted because Arctic Cat had notice of BRP's intention to expand the lawsuit to include later model years of Arctic Cat snowmobiles. BRP explained that after reviewing the descriptive materials for model year 2014 and 2015 snowmobiles, it concluded that the new models were

indistinguishable with respect to the 2008 to 2013 year exemplar models identified and analyzed in BRP's claim chart.  For these and other reasons, BRP argued that it had satisfied the good cause requirement under either Federal Rule of Procedure 16 or Local Rule 16.3 to update its claim chart.  Judge Brisbois disagreed and denied BRP's request, concluding that BRP had not shown sufficient good cause to warrant modifying the claim chart.  This conclusion was primarily based on a finding that BRP had failed to demonstrate adequate diligence.  BRP now objects.

### III.  DISCUSSION

#### A.  Standard of Review

The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential.  See Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  The district court must affirm a decision by a magistrate judge on a nondispositive issue unless the decision is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).  A decision is "'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996).  "A decision is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'"  Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

### B. Leave to Update Claim Charts[2]

BRP presents six arguments asserting that Judge Brisbois' Order is clearly erroneous. The arguments all share in common the theme that permitting BRP to update its claim chart promotes judicial economy without prejudice to Arctic Cat. None of BRP's arguments, however, has convincing force that Judge Brisbois' Order is clearly erroneous or contrary to law. As Judge Brisbois correctly ruled, BRP has failed to demonstrate the required good cause needed to permit modification to supplement its claim chart with model year 2014 and 2015 snowmobiles.

The Scheduling Order contemplates that BRP is permitted to amend its claim chart only for good cause shown. Deciding what constitutes "good cause" in the context of modifying patent infringement contentions, courts articulate different legal considerations. See, e.g., O2 Micro Int'l Ltd. v. Monolith Power Systs., Inc., 467 F.3d 1355, 1366 (Fed. Cir. 2006) ("'[G]ood cause' requires a showing of diligence."); Acco Brands, Inc. v. PC Guardian Anti-Theft Products, Inc., No. C 04-03526, 2008 WL 2168379, at * 1 (N.D. Cal., May 22, 2008) (considering "the relevance of the newly-discovered prior art, whether the request to amend is

---

[2] BRP argues in a Letter [Docket No. 565] that Arctic Cat violated the word count limit in responding to BRP's Objection. As a remedy, BRP suggests striking the allegedly offending submission—the Daley Declaration [Docket No. 562]—or permitting BRP to submit a responsive declaration—the Marcus Declaration [Docket No. 566]. Arctic Cat responds by Letter [Docket No. 567], arguing that Local Rule 72.2(c)(1) imposes a 3,500 word count limit on objections and responses, not supporting declarations. Arctic Cat argues that the Daley Declaration therefore does not violate Local Rule 72.2(c)(1). Arctic Cat additionally argues that BRP's request to submit its own declaration should be denied. Assuming without deciding that BRP is correct and that Local Rule 72.2(c)(1) applies to the Daley Declaration, additional discussion on this issue is unnecessary because consideration of the Daley Declaration is not needed to rule on BRP's Objection. Accordingly, BRP's request under Local Rule 72.2(c)(1)(C) to exceed the word count limit is denied.

motivated by gamesmanship, the difficulty of locating the prior art, and whether the opposing party will be prejudiced by the amendment"); STMicroelectronics, Inc. v. Motorola, Inc., 307 F. Supp. 2d 845, 850 (E.D. Tex. 2004) (examining a party's explanation for the failure to meet the deadline, the importance of the item that would be excluded, potential prejudice in allowing the item that would be excluded, and the availability of a continuance to cure such prejudice). Despite this variation, diligence is a common factor.

Judge Brisbois correctly concluded that BRP failed to exercise sufficient diligence to warrant amending its claim chart this late in the litigation. BRP waited nearly two and a half years between serving its claim chart and making its motion to add model year 2014 and 2015 snowmobiles. During this time, the Scheduling Order was amended multiple times without interjection from BRP that it was still intending to add new subject matter to its claim chart. Furthermore, BRP engaged in extensive discovery and significant motion practice closely related to this issue, including raising perceived deficiencies in Arctic Cat's noninfringement claim chart and responding to Arctic Cat's allegations that its infringement positions were insufficient. During the course of this activity BRP did not request leave to include the additional model year snowmobiles.[3]

Especially troubling, as noted by Judge Brisbois, is BRP's lack of a compelling justification for its delay. BRP stated that its initial claim chart was generated by way of public information regarding earlier model year snowmobiles, including parts catalogues and service

---

[3] BRP cites to a single court filing in April 15, 2014 that signaled model year 2014 snowmobiles were subject to this lawsuit. That solitary statement—"BRP has asserted infringement against Arctic Cat's ProCross models for 2012 through 2014"—does not spare BRP from this result. Mem. [Docket No. 257].

manuals. While accepting that public information for 2014 or 2015 model year snowmobiles was unavailable in early 2013, BRP is unable to provide any persuasive reason why it did not seek leave to amend shortly after that information did become available. Instead, BRP continues to baldly maintain that because the sales of model year 2014 and 2015 snowmobiles were not known at the time its May 1, 2013 Claim Chart was served, it should be permitted to add them now. Long before September 1, 2015, BRP either possessed the information or had the ability to learn, what was necessary to allege that Arctic Cat model years 2014 and 2015 snowmobiles also infringed. Put simply, BRP's justification for not identifying 2014 and 2015 model year snowmobiles in its May 1, 2013 Claim Chart was reasonable, but waiting until September 1, 2015 to formally request their inclusion displays lack of diligence.

As Judge Brisbois noted, it is significant that BRP's request comes nearly a year after the parties submitted their initial Joint Claim Construction Statement and four months after the claim construction hearing was held.[4] The Federal Circuit has repeatedly held that "claim charts are 'designed specifically to require parties to crystallize their theories of the case early in the litigation so as to prevent the shifting sands approach to claim construction.'" Stratasys, Inc. v. Microboards Tech. LLC, No. 13-3228, 2015 WL 3869672, at *2 (D. Minn. June 23, 2015) (quoting O2 Micro, 467 F.3d at 1364). Adding additional subject matter to this lawsuit after the disputed claim terms have been identified, briefed, and argued, significantly increases the possibility that additional discovery and further claim construction will be needed and the final

---

[4] Judge Davis issued his Claim Construction Order [Docket No. 552] on September 28, 2015, nearly two weeks after Judge Brisbois took this motion under advisement.

resolution of this case will be delayed.[5] Judge Brisbois carefully considered this issue and concluded that adding new subject matter at this stage of the lawsuit may not result in judicial economy. There is nothing in the record that demonstrates this conclusion was clearly erroneous or contrary to law.

Finally, BRP argues that if its objection is not sustained, the jury will be presented an incomplete and misleading case, running the risk that the record will be confusing and misleading. BRP is specifically concerned that excluding model year 2014 and 2015 snowmobiles from this suit may result in an erroneous verdict regarding willful infringement because the jury may mistakenly conclude that Arctic Cat ceased any infringing activities in 2013. The evidence BRP needs to present to the jury to obtain a verdict finding willful infringement will not be compromised by the absence of evidence of accused infringement of model year 2014 and 2015 snowmobiles. See Dane Techs., Inc. v. Gatekeeper Sys., Inc., — F. Supp. 3d —, —, 2015WL 5719142, at *13 (D. Minn. 2015) (noting the two-pronged test that determines whether a valid patent was willfully infringed).

As the Eighth Circuit has noted, the "primary measure of good cause is the movant's diligence." Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006), abrogated on other grounds by Avichail ex rel. T.A. v. St. John's Mercy Health Sys., 686 F.3d 548, 552 (8th Cir. 2012). Judge Brisbois' Order provides persuasive reasoning why BRP was not diligent in making its request

---

[5] BRP argues that since it recently completed an infringement case in Canada that involved model year 2014 and 2015 Arctic Cat snowmobiles, BRP is familiar with these additional model year products and thus additional discovery will not be needed. As Judge Brisbois noted, however, the parties' activity in Canada may not necessarily determine whether additional discovery on model year 2014 and 2015 snowmobiles will be needed to try infringement to a jury in the United States.

and his conclusion to deny BRP's request was not clearly erroneous or contrary to law.

## IV.  ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Bombardier Recreational Products Inc. and BRP U.S. Inc. Limited Objection [Docket No. 558] is **OVERRULED**; and

2. Judge Brisbois' October 14, 2015 Order [Docket No. 555] is **AFFIRMED.**

BY THE COURT:


<u>     s/Ann D. Montgomery     </u>
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 7, 2015.