# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| BOMBARDIER RECREATIONAL PRODUCTS INC. and BRP U.S. INC., | Civil No. 12-2706 (JRT/LIB) |
| Plaintiffs/Counter Defendants, | |
| v. | **MEMORANDUM OPINION AND ORDER ON OBJECTIONS TO ORDER OF THE MAGISTRATE JUDGE** |
| ARCTIC CAT INC. and ARCTIC CAT SALES INC., | |
| Defendants/Counter Claimants. | |

Harry C. Marcus and Robert K. Goethals, **LOCKE LORD LLP**, Three World Financial Center, New York, NY 10281, and Kevin D. Conneely, **STINSON LEONARD STREET LLP**, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, for plaintiffs.

Annamarie A. Daley, **JONES DAY**, 90 South Seventh Street, Suite 5090, Minneapolis, MN 55402, and Niall A. MacLeod, **KUTAK ROCK LLP**, 60 South Sixth Street, Suite 3400, Minneapolis, MN 55402, for defendants.

Plaintiffs Bombardier Recreational Products Inc. and BRP U.S. Inc. (collectively, "Bombardier") and Defendants Arctic Cat Inc. and Arctic Cat Sales Inc. (collectively, "Arctic Cat") both object to portions of the order issued by U.S. Magistrate Judge Leo I. Brisbois. In that order, the Magistrate Judge granted in part and denied in part Arctic Cat's motion to compel, Arctic Cat's motion to strike portions of Bombardier's expert reports, and Bombardier's motion to strike portions of Arctic Cat's expert reports. The Magistrate Judge also denied Bombardier's motion to transfer venue and motion to compel additional discovery.

Bombardier objects to the Magistrate Judge's denial of its motion to transfer venue and several aspects of the Magistrate Judge's decision on its motion to strike. Arctic Cat objects to the Magistrate Judge's decision on several aspects of its motion to strike and its motion to compel. Because the Court finds no good cause to allow Arctic Cat to provide expert testimony essentially amending its claim chart, the Court will sustain Bombardier's objection and reverse the Magistrate Judge's order with regard to David Karpik's upper column opinion. In all other respects, the Court will overrule the parties' objections and affirm the order of the Magistrate Judge.

## ANALYSIS

### I.   STANDARD OF REVIEW

A district court's review of a magistrate judge's order on a nondispositive matter is "extremely deferential." *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980). The Court will reverse such an order only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). For an order to be clearly erroneous, the district court must have a "definite and firm conviction that a mistake has been committed." *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

## II.   BOMBARDIER'S OBJECTIONS

### A.   Motion to Transfer Venue

Bombardier objects to the Magistrate Judge's denial of its motion to transfer venue pursuant to 28 U.S.C. § 1404(b).  Section 1404(b) provides for transfer from one division to another within the same district, and Bombardier moved to transfer from the Sixth Division to the Fourth Division so that trial could be held in the Minneapolis courthouse rather than in Fergus Falls.  The Magistrate Judge weighed the typical factors for a motion to transfer venue: the convenience of the parties, the convenience of the witnesses, and the interests of justice; but, also recognized that the burden is not as heavy for an intra-district transfer.  (Order at 27-28, Apr. 19, 2016, Docket No. 704.)

Bombardier objects to the Magistrate Judge's finding that the convenience of the witnesses weighed against transfer, arguing that the Magistrate Judge's finding rested on the erroneous conclusion that transfer would result in the loss of subpoena power over a non-party, non-expert witness.   (Bombardier's Objs. at 3; *see also* Order at 30-31.) Bombardier correctly asserts that the Court would in fact maintain subpoena power over this witness because he resides in the same state, so long as he "would not incur substantial expense."  Fed. R. Civ. P. 45(c)(1)(B)(ii).  Furthermore, even if the witness would incur substantial expense, "the party that served the subpoena may pay that expense and the court can condition enforcement of the subpoena on such payment." Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment.   Bombardier also objects to the Magistrate Judge's reliance on Bombardier's "delay" in bringing the

motion to transfer, arguing that it brought the motion when it became necessary, once it became clear that trial was likely.  (Bombardier's Objs. at 5.)

But, even without relying on the reasoning Bombardier objects to, the Magistrate Judge's overall conclusion – that the convenience of parties, witnesses, and interests of justice does not weigh in favor of transfer – was not clearly erroneous or contrary to law. Each location would be inconvenient for a party and some of its witnesses.  Bombardier now also argues that the courtroom facilities and the accommodations available in the Minneapolis area compared to those available in Fergus Falls support finding the interests of justice require transfer.  However, it appears that Bombardier did not make this argument before the Magistrate Judge, and the Court finds it unconvincing.  Accordingly, the Court will overrule Bombardier's objections to the Magistrate Judge's denial of its motion to transfer.

### B.    Bombardier's Motion to Strike

#### 1.    Upper Column Admission

Bombardier objects to the Magistrate Judge's denial of its motion to strike portions of David Karpik's expert report.  First, Bombardier objects to the Magistrate Judge's decision not to strike Karpik's opinion that the accused products do not satisfy the "upper column" requirement.  (Bombardier's Objs. at 6-7.)  The Magistrate Judge noted that Arctic Cat admitted in its claim chart that the accused products had an upper column prior to the issuance of the Court's claim construction order, but denied the motion to strike Karpik's contrary finding because Karpik was required to apply the

- 4 -

Court's construction of "upper column," regardless of Arctic Cat's prior admissions. (Order at 53-54.)

While experts are required to apply the definition found by the Court during claim construction, *see Ecolab USA Inc. v. Diversey, Inc.*, No. 12-1984, 2015 WL 2345264, at *5 (D. Minn. May 14, 2015); *Hochstein v. Microsoft Corp.*, No. 4-73071, 2009 WL 2022815, at *1 (E.D. Mich. July 7, 2009), Arctic Cat may not present or rely on expert testimony that is contrary to its admissions. "Claim charts are 'tools meant to lock-in parties' respective infringement positions and, based on the notice provided by the charts, focus subsequent discovery efforts.'" *BreathableBaby, LLC v. Crown Crafts, Inc.*, No. 12-94, 2014 WL 3928526, at *5 (D. Minn. Aug. 12, 2014). Arctic Cat could amend its claim chart if based on good cause as contemplated in the scheduling order. *See Bombardier Recreation Prods. Inc. v. Arctic Cat Inc.*, No. 12-2706, 2015 WL 8082522, at *3 (D. Minn. Dec. 7, 2015).

"Good cause does not automatically exist to amend non-infringement charts whenever a judge's decision does not adopt a party's hoped for claim-construction positions." *BreathableBaby, LLC*, 2014 WL 3928526, at *3. This is particularly true here where the Court's definition is similar to Arctic Cat's proposed definition, and the part of the Court's construction that Karpik relies on was present in Arctic Cat's proposed definition. (*Compare* Defs.' Opening Claim Construction Br. at 25, Dec. 19, 2014, Docket No. 448 (proposing "an inverted U-shaped structure" as a definition for "upper column"), *with* Decl. of Joseph A. Farco, Ex. H ¶¶ 101-02, Feb. 18, 2016, Docket No. 604 (opining that the accused product was neither "u shaped" nor "inverted")); *see*

*also BreathableBaby, LLC*, 2014 WL 3928526, at *3 (finding no good cause in part because the court giving terms their ordinary meanings was not an "unexpected result . . ., especially where the position adopted by the judge is very similar to that advanced by the opposing party").

Arctic Cat has shown no good cause for allowing it to amend its claim chart, and contradict on its prior admission. Accordingly, the Court will sustain Bombardier's objection and overrule the Magistrate Judge's order with regard to Bombardier's motion to strike Karpik's opinion contradicting Arctic Cat's prior admission.

### 2.    Prior Art Objections

Bombardier objects to the Magistrate Judge's denial of its request to strike Karpik's opinion that the upper column was admitted prior art for the '847/'848 patents. (Bombardier's Objs. at 10-11.)   Bombardier argues that the Magistrate Judge misconstrued its motion by considering whether Arctic Cat had previously disclosed that the upper column was prior art, rather than considering specifically whether Arctic Cat had previously disclosed that it was **admitted** prior art – meaning that the '847/'848 patents themselves admitted that the upper column was found in prior art.  (*Id.* at 10.) However, Bombardier's brief submission on this issue before the Magistrate Judge was not as narrow as Bombardier's current position.  Previously, although Bombardier sought to strike Karpik's opinion "that the 'upper column' was admitted to be prior art in the '847/'848 Patents," Bombardier only argued that Arctic Cat did not "assert that the 'upper column' was prior part" at any "point in any Prior Art Statement," and that this

assertion "only appeared for the first time in the Karpik Invalidity Report."  (Pl.'s Mem. in Supp. of Mot. to Strike at 17-18, Feb. 18, 2016, Docket No. 599.)  Bombardier cannot now rely on arguments not made before the Magistrate Judge.  *See Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012).  Thus, the Magistrate Judge did not clearly err in reading Bombardier's motion more broadly than it now asserts, and the Court finds no clear error in the Magistrate Judge's rejection of Bombardier's motion.  (*See* Order at 43-45.)  Accordingly, the Court will overrule Bombardier's objection.

Bombardier also objects to the Magistrate Judge's denial of its motion to strike Arctic Cat's expert testimony regarding new prior art references.  (Bombardier's Objs. at 11-12.)  The Magistrate Judge found that all of the cited prior art references were used as "generalized background information or background information related to the knowledge a person of ordinary skill in the art would have."  (Order at 39.)  Bombardier argues that Arctic Cat was required to disclose all prior art under prior pretrial scheduling orders and the Magistrate Judge committed legal error by denying the motion.  The Magistrate Judge cited several cases for its conclusion that undisclosed prior art references did not necessarily have to be stricken where they were being used as background or generalized information.  (*See* Order at 36-37, 39 (citing *Genentech, Inc. v. Trs. of Univ. of Pa.*, No. C10-2037, 2012 WL 424985, at *3 (N.D. Cal. Feb. 9, 2012); *Brilliant Instruments, Inc. v. GuideTech, Inc.*, No. 9-5517, 2011 WL 900369, at *5-6 (N.D. Cal. Mar. 15, 2011)).)  The Court finds no clear or legal error in the Magistrate Judge's analysis of the issue, and will overrule Bombardier's objections.

Finally, Bombardier challenges the Magistrate Judge's denial of its motion to strike Karpik's new combinations of prior art which Bombardier argued violated the pretrial scheduling order. (Bombardier's Objs. at 14.) The Magistrate Judge found that the pretrial scheduling order did not contain a strict requirement that all combinations be disclosed. (Order at 42-43.) The Court finds no clear error in the Magistrate Judge's interpretation of the pretrial scheduling order; that order does not explicitly require all combinations of prior art to be disclosed, and the Court is unpersuaded by Bombardier's citation to another case with a differently worded pretrial scheduling order. (*See* Bombardier's Objs. at 14.) Additionally, as discussed by the Magistrate Judge, allowing the new combinations did not prejudice Bombardier because it learned of the combinations in time to depose Arctic Cat's experts about them. (*See* Order at 43.) Accordingly, the Court will overrule Bombardier's objections on this issue.

## III.    ARCTIC CAT'S OBJECTIONS

### A.    Larson's Initial Report

Arctic Cat objects to the Magistrate Judge's denial of its motion to strike Robert Larson's initial expert report. (Arctic Cat's Objs. at 3-7.) The Magistrate Judge rejected Arctic Cat's two supporting arguments that (1) Larson "changed the groupings of the snowmobiles and the exemplar snowmobiles that represent each group," and (2) he "changed the measurement protocol by which he reviewed the Arctic Cat snowmobiles." (Order at 21-25.)

First, the Magistrate Judge recognized that Larson divided the accused products into different groupings than those in Bombardier's infringement charts, and that Larson selected two new exemplars from those accused products; however, the Magistrate Judge rejected Arctic Cat's argument that this reorganization of accused products constituted a new infringement theory.  (*Id.* at 22-24.)  Arctic Cat does not highlight any legal error in the Magistrate Judge's analysis on this issue, citing only a prior order of the Magistrate Judge.  The Court finds the Magistrate Judge was aware of the prior decisions in this case and did not clearly err in finding Larson's reorganization into representative groupings did not improperly change Bombardier's infringement theory.

Second, the Magistrate Judge found Larson's "addition of measurements without a dummy in accordance with the '669 patent cannot be said to be a new infringement theory."  (*Id.* at 25.)  Again, Arctic Cat does not point out any clear error in the Magistrate Judge's analysis.  Arctic Cat disputes the Magistrate Judge's reliance on *Digital Reg of Texas, LLC v. Adobe Systems Inc.*, arguing that the court in that case recognized that "[e]xpert reports may not introduce theories not set forth in the infringement contentions."  No. 12-1971, 2014 WL 1653131, at *2 (N.D. Cal. Apr. 24, 2014).  However, Arctic Cat does not provide any case law disputing the Magistrate Judge's conclusion that the addition of riderless measurements did not constitute a change in infringement theory.  The Court finds that the Magistrate Judge's analysis is not clearly erroneous or contrary to law, and will overrule Arctic Cat's objections regarding the Larson report.

### B.   Breen's Expert Report

Arctic Cat objects to the Magistrate Judge's denial of its motion to strike Kevin Breen's opinions regarding the "engine cradle" of the accused products. (Arctic Cat's Objs. at 7-8.) The Magistrate Judge found that Breen was required to apply the Court's definition of engine cradle, but also suggested that the difference between the initial language in Bombardier's infringement chart and the Court's construction was not significant. (Order at 19-21 (characterizing the dispute as the fact that Breen did "not utiliz[e] the exact language of [Bombardier's] initial Infringement contentions," and that they "differ[ed] somewhat").) Arctic Cat argues that the Magistrate Judge's decision was inconsistent with a prior order, which prevented Arctic Cat from amending its claim chart from admitting to denying that its accused products had an "apex," in light of Bombardier's changing interpretation of the claim term. (Arctic Cat's Objs. at 7-8; *see* Order ("April 2014 Order") at 2-10, Apr. 28, 2014, Docket No. 260.)

However, Bombardier did not change its position on whether any accused product satisfies the "engine cradle" and related limitations, and therefore, the prior order is distinguishable. Instead, as discussed by the Magistrate Judge, Breen merely used somewhat different language – the construction chosen by the Court – instead of the more specific language used by Bombardier in its claim chart. (*See* Order at 19-21.) Thus, in contrast to the motion to strike portions of Karpik's opinion discussed above, Bombardier's expert is not contradicting a prior admission. The Court does not find this conclusion is clearly erroneous or contrary to law, and therefore, the Court will overrule Arctic Cat's objection.

- 10 -

### C.    Gilbertson's Deposition

Arctic Cat objects to the Magistrate Judge's denial of its motion to compel one of Bombardier's expert witnesses, Gary Gilbertson, to answer questions in deposition regarding the T/S Mod in relation to the '847 patent.  (Arctic Cat's Objs. at 8-10.)  The Magistrate Judge noted Gilbertson was not offering expert testimony regarding the '847 patent, and "[d]eposing him about topics related to an opinion he did not offer is outside the scope of related expert discovery and would be improper."  (Order at 12.)  Arctic Cat argues that the Magistrate Judge erred in denying the motion to compel because counsel may "instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2).  However, the Magistrate Judge did not clearly err in exercising discretion and denying the motion to compel, finding that Arctic Cat's attempt to gain testimony from Gilbertson regarding a patent he was never asked to review was outside of the scope of expert discovery, was improper, and would be of little use to Arctic Cat. (Order at 11-13); *see also Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 238 (D. Minn. 2013).  Thus, the Court will overrule Arctic Cat's objections on this issue.

### D.    Reimbursement

Arctic Cat also objects to the Magistrate Judge's denial of its request for reimbursement of costs associated with resuming Claude Gelinas' deposition.  (Arctic Cat's Objs. at 10-12.)  The Magistrate Judge denied Arctic Cat these costs briefly in a footnote, (Order at 4 n.1); however, the parties fully briefed the issues, and Bombardier

provided several reasons supporting denial of the motion, (*see* Pls.' Mem. in Opp'n to Defs.' Mot. to Compel at 18-22, Feb. 25, 2016).[1]  By denying the motion, the Magistrate Judge implicitly found that Bombardier's objections were substantially justified, and that finding is not clearly erroneous.  It is not clear from the record presented to the Magistrate Judge that Bombardier acted unreasonably, and thus, the Court finds the Magistrate Judge did not clearly err in denying Arctic Cat's motion seeking costs for resuming Gelinas' deposition and will overrule Arctic Cat's objection.

### E.    Embodiment of '669 Patent

Finally, Arctic Cat objects to the Magistrate Judge's denial of its motion to strike the opinions of Bombardier's experts that the MY 2003-2015 REV snowmobiles embodied the '669 patent.  (Arctic Cat's Objs. at 12-13.)  Arctic Cat essentially argues that Larson's measurements supporting those embodiment opinions should have been included in his initial report, rather than his rebuttal report; however, Arctic Cat does not directly challenge the Magistrate Judge's finding that Larson properly included the analysis in his rebuttal report as a response to the obviousness argument in one of Arctic Cat's expert reports.  (*See* Order at 26-27.)  Thus, Arctic Cat has not pointed to any clear or legal error in the Magistrate Judge's operative reasoning, and the Court will overrule its objection.

---

[1] For example, Bombardier argued that the questions objected to implicated privilege and protections regarding the Canadian proceedings, and that denying the motion would not be unjust because Arctic Cat also contributed to the delay.  (*See* Pls.' Mem. in Opp'n to Defs.' Mot. to Compel at 20-22.)

## ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     The Court **OVERRULES** Arctic Cat's objections [Docket No. 767] and and **AFFIRMS** the Order of the Magistrate Judge dated April 19, 2016 [Docket No. 704] pertaining to Arctic Cat's motions [Docket Nos. 587 and 614].

2.     The Court **SUSTAINS in part** and **OVERRULES in part** Bombardier's objections [Docket No. 737], and **AFFIRMS in part** and **REVERSES in part** the Order of the Magistrate Judge dated April 19, 2016 [Docket No. 704] pertaining to Bombardier's motions [Docket No. 591 and 597].

   a.     Accordingly, Bombardier's Motion to Strike Portions of Defendants' Expert Reports [Docket No. 597] is **GRANTED in part** and **DENIED in part** as provided by the Magistrate Judge's order, **except** that the Court **GRANTS** Bombardier's motion with regard to David Karpik's opinion that the accused products do not satisfy the upper column limitation.

DATED:  February 21, 2017
at Minneapolis, Minnesota.

_____ s/ John R. Tunheim _____
JOHN R. TUNHEIM
Chief Judge
United States District Court