UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Bombardier Recreational Products Inc. and BRP US Inc., <br><br>*Plaintiffs,*<br><br>v.<br><br>Arctic Cat Inc. and Arctic Cat Sales Inc.,<br><br>*Defendants.* | Civ. No. 12-2706-JRT-LIB<br><br>**DECLARATION OF PHILIP GREEN IN SUPPORT OF ARCTIC CAT'S ADDITIONAL BRIEFING REGARDING POST-MODEL-YEAR2013 SNOWMOBILES** |

I, Philip Green, declare as follows:

1. I am over the age of 18 years old. I am a principal of Hoffman Alvary & Company LLC located in Newton, Massachusetts. I have been retained by counsel for Arctic Cat Inc. and Arctic Cat Sales Inc. (collectively "Arctic Cat") as an expert witness to provide an independent and objective opinion of the damages suffered as a result of Arctic Cat's alleged infringement of certain patents held by Bombardier Recreational Products Inc. and BRP US Inc. (collectively "BRP"). I have personal knowledge of the facts stated in this declaration and can competently testify as such if called upon to do so.

2. In this matter, BRP is claiming lost profits and reasonable royalty damages from Arctic Cat's alleged infringement. BRP's damages claims were presented in expert reports prepared by Dr. Keith Ugone and Mr. Claude Gelinas, which were submitted on November 12, 2015. On December 12, 2015, I submitted an expert report rebutting the

1

damages analyses and opinions presented by Dr. Ugone and Mr. Gelinas. I was deposed in this matter on March 1, 2016.

3. Based on my understanding of the Court's rulings in this matter, I have only analyzed BRP's damages through the Model Year ("MY") 2013 period. To date, I have not considered BRP's damages claims or related analyses for later periods.

4. In my experience, an evaluation of lost profits or reasonable royalty damages in patent infringement matters typically requires an analysis of numerous financial and market factors. In general, these factors relate to isolating the specific contribution of the asserted patent(s) to the demand for and profitability of the patent-practicing product(s). Based on my experience, in claiming lost profits a Patentee may have to demonstrate that customers would not have purchased the Defendant's product "but for" the infringement. This generally requires a detailed evaluation of the relevant market and financial factors for the time periods during which damages are being claimed.

5. In order to evaluate BRP's damages up through the MY2013 period, I analyzed multiple factors specific to that period, including, but not limited to: the snowmobile market participants, their market shares and key differentiating features of their products; the features and functions that were drivers of consumer purchasing decisions; potential non-infringing alternatives to BRP's patented technology; and BRP's and Arctic Cat's respective sales and profit information. In my experience, it is typically necessary to analyze these types of data for each period in which damages are being sought. This is particularly true in industries such as snowmobiles in which innovation and customer demand can vary year-to-year.

6. Should damages from post-MY2013 models be considered in this matter, there would need to be substantial additional discovery and analysis in order to properly evaluate lost profits and reasonable royalties for those later periods. To appropriately analyze post-MY2013 damages, I would generally need to evaluate the financial and market factors specifically for those periods at issue. This analysis would include, but is not limited to, an evaluation of the following facts specific to each of the post-MY2013 periods:

- The Snowmobile Industry: Market shares in the snowmobile industry change due to shifts in demand, pricing, the introduction of new models, and other market factors.

- Purchase Drivers for Snowmobiles: The introduction of new models and inventions and changes in market dynamics or consumer preferences could affect demand in later periods.

- Potential New Non-Infringing Alternatives: The presence of available alternatives could affect consumer demand, the parties' decision making, and the availability of lost profits.

- BRP's Financial Information: BRP's incremental profitability changes based on sales volumes, revenues, production costs, and incremental operating expenses. A company's financial performance typically varies across periods.

- Arctic Cat's Financial Information: Arctic Cat's sales volumes, and pricing, and profit margins affect the lost profits and reasonable royalty analyses.

7. Furthermore, in evaluating damages, I typically consider testimony from other experts or relevant fact witnesses. Based on my review of the depositions in this matter, it appears that testimony by BRP's damages experts was generally limited to the pre-MY2014 period.

8. Considering the substantial analysis and discovery required to evaluate BRP's claim for damages in post-MY2013 periods, I expect that I would need to supplement my previous analysis in order to account for new facts or information that may affect my conclusions and calculations.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT.

Dated: November 1, 2017                          _____