UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BOMBARDIER RECREATIONAL PRODUCTS, INC., and BRP U.S. INC., | Civil No. 12-2706 (JRT/LIB) |
| Plaintiffs, | **MEMORANDUM OPINION AND ORDER ON MOTIONS IN LIMINE** |
| v. | |
| ARCTIC CAT INC., and ARCTIC CAT SALES INC., | |
| Defendants. | |

Harry C. Marcus, **LOCKE LORD LLP**, Three World Financial Center, New York, NY 10281, and Kevin D. Conneely and Ruth A. Rivard, **STINSON LEONARD STREET LLP**, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for plaintiffs.

Aaron A. Myers, Diane L. Peterson, and Niall A. MacLeod, **KUTAK ROCK LLP**, 60 South Sixth Street, Suite 3400, Minneapolis, MN 55402, for defendants.

Plaintiffs Bombardier Recreational Products, Inc. and BRP U.S. Inc. (collectively "BRP") brought this action against Arctic Cat Inc. and Arctic Cat Sales Inc. (collectively "Arctic Cat"), alleging patent infringement. Trial beings Monday, November 13, 2017. This order addresses the parties' motions in limine.

## BACKGROUND

BRP alleges that Arctic Cat infringes two of its patents: U.S. Patent No. 7,124,847 ("the '847 patent") and U.S. Patent No. 7,213,669 ("the '669 patent"). The Court granted BRP summary judgment of infringement with respect to the '847 patent. (Mem. Op. &

Order, Dec. 29, 2016, Docket No. 781.) The issues for trial include whether Arctic Cat infringes the '669 patent, whether Arctic Cat's infringement was willful, whether the asserted claims of BRP's patents are invalid or unenforceable, and damages.

## DISCUSSION

### I. BRP'S MOTIONS IN LIMINE

#### A. BRP's Motion in Limine No. 1

BRP seeks to preclude Arctic Cat from introducing anything at trial that was not explicitly and specifically identified in Arctic Cat's responses to BRP's interrogatories under Federal Rule of Civil Procedure 37.

BRP's Interrogatory No. 23 asked Arctic Cat to detail the chain of custody and dates of manufacture, sale, and public use for any prior-art snowmobile that Arctic Cat intends to rely on at trial for its invalidity defense. Arctic Cat failed to provide any response to Interrogatory No. 23 for seven snowmobiles that Arctic Cat listed on its Prior Art/Invalidity Statement.[1] Arctic Cat may therefore not introduce at trial any of those seven snowmobiles to show that any claims of the patent-in-suit are invalid. The Court will grant BRP's motion in this respect and deny it in all other respects.

---

[1] Those seven snowmobiles are (1) the SnowHawk snowmobile, (2) the T&S F-III ice sled, (3) the Yamaha SnoScoot snowmobile, (4) the Yamaha SnoSport snowmobile, (5) the Snojet Big Blue Thunderbolt racing sled, (6) the Hellstar Jetstar snowmobile, and (7) the Jesse Strege snowmobile frame.

### B. BRP's Motion in Limine No. 2

BRP seeks to exclude Arctic Cat's allegedly improper evidence and arguments based on the assertion of attorney-client privilege. To rebut BRP's willfulness allegations, Arctic Cat has made a limited waiver of attorney-client privilege with respect to its invalidity opinions. Because Arctic Cat resisted discovery with respect to noninfringement opinions, the Court will grant BRP's motion. Arctic Cat may, however, introduce nonprivileged information, such as the fact that certain individuals attended meetings or were involved in certain processes.

### C. BRP's Motion in Limine No. 3

BRP seeks to preclude Arctic Cat from presenting evidence, including expert testimony, that contravenes the court's rulings. BRP's Memorandum in Support of its Motion in Liminie No. 3 contained six subsections. The Court will grant in part and deny in part BRP's motion.

With respect to Sections II.A, II.B, and II.D. of BRP's motion, witnesses – including BRP's witnesses – may not offer testimony that is contrary to the Court's prior orders. With respect to indefiniteness, Arctic Cat may present evidence on factual disputes. With respect to Section II.E. of BRP's motion and consistent with the Court's prior orders, Arctic Cat may not use prior art not disclosed in its Prior Art Statements to substantively support its invalidity positions. Arctic Cat may, however, use such prior art as background or generalized information. The Court will grant BRP's motion with respect to Section II.F. of BRP's motion and deny it with respect to Section II.C. of BRP's motion.

### D. BRP's Motion in Limine No. 4

BRP moves to preclude Arctic Cat from arguing and presenting evidence, including expert testimony, that the '847 patent "upper column" claim limitation is admitted prior art. BRP previously moved to strike this argument from Arctic Cat's expert report, but the Court denied BRP's motion to strike. Thus, the Court will deny BRP's motion.

### E. BRP's Motion in Limine No. 5

BRP seeks to admit – and Arctic Cat seeks to exclude – Arctic Cat's sales of post model year ("MY") 2013 snowmobiles because those snowmobiles are not part of BRP's infringement case. BRP argues that Arctic Cat's post-MY2013 snowmobiles are relevant for other purposes.

BRP may not seek damages at trial for Arctic Cat's post-MY2013 snowmobiles. Should BRP prevail at trial, the Court will then consider the question of whether to award supplemental damages. But Arctic Cat's sales of post-MY2013 snowmobiles are still relevant to the issues for trial. Their relevancy depends on whether they practice the patents-in-suit. The Court finds under Rule 104 that the parties have introduced proof sufficient to support a finding that Arctic Cat's post-MY2013 snowmobiles practice the '847 patent, but not the '669 patent. Arctic Cat's sales of its post-MY2013 snowmobiles may be introduced at trial for the limited purpose of proving or disproving willful infringement, damages for MY2013 and earlier snowmobiles, and commercial success – all for the '847 patent only. To reduce the prejudice to Arctic Cat, BRP may not

introduce financial data regarding these snowmobiles.  BRP may, however, introduce evidence of the number of snowmobiles made or sold.

### F. BRP's Motion in Limine No. 6

BRP moves under Rules 26 and 37 to exclude any opinions, arguments or reference to possible design-arounds.  The Court will deny BRP's motion.  With respect to Arctic Cat's specific design-around efforts, Arctic Cat made sufficient disclosures during discovery.  With respect to design-around/alternative designs more generally, Arctic Cat sufficiently disclosed those designs too during discovery.  And BRP had notice of the "Twin Spar" alternative due to the parties' Canadian litigation.

### G. BRP's Motion in Limine No. 7

BRP moves to exclude evidence of Arctic Cat's equitable defenses (laches, estoppel, waiver, unclean hands) and to bifurcate for a later bench trial.  The Court will deny BRP's motion.  BRP's motion is not based on evidentiary considerations, but rather on the legal sufficiency of Arctic Cat's equitable defenses.

The Court will not hold a separate bench trial on Arctic Cat's equitable defenses. Rather, Arctic Cat shall present its equitable defenses at trial to the jury for an advisory verdict pursuant to Federal Rule of Civil Procedure 39(c).  *See, e.g.*, *Duro-Last, Inc. v. Custom Seal, Inc.*, 321 F.3d 1098, 1110 (Fed. Cir. 2003).

The Court remains concerned, however, that Arctic Cat lacks sufficient evidence to support a finding that it will prevail on its equitable defenses.  The Court will therefore order Arctic Cat to submit a written proffer demonstrating that it can present at trial sufficient evidence to support a finding that one or more of the asserted claims of the

patents-in-suit are unenforceable due to laches, estoppel, waiver, or unclean hands. Until the Court rules on Arctic Cat's proffer, there shall be no mention or discussion of any of Arctic Cat's equitable defenses to the jury.

### H. BRP's Motion in Limine No. 8

BRP asks the Court to allow it to argue that the T/S Mod snowmobile lacks a "pyramidal" assembly. The Court will deny BRP's motion. Arctic Cat moved for summary judgment of invalidity in light of the T/S Mod snowmobile. The Court construed the evidence in the light most favorable to BRP and – although concluding that Arctic Cat was not entitled to summary judgment – concluded as a matter of law that the T/S Mod snowmobile includes a pyramidal assembly. The Court will instruct the jury accordingly, and thus the parties may not introduce testimony or argument that the T/S Mod snowmobile does not include a pyramidal assembly. Furthermore, the parties may not introduce the Court's summary-judgment order at trial.

### I. BRP's Motion in Limine No. 9

BRP's Motion in Limine No. 9 contains several requests. First, BRP seeks to preclude Arctic Cat from arguing that it is "practicing the prior art" and to exclude evidence of impermissible hindsight on obviousness. The Court will properly instruct the jury on how they are to decide invalidity. The Court will therefore deny BRP's motion in this respect. BRP also moves to exclude evidence that BRP engaged in benchmarking. But that evidence is relevant to industry practice, which is relevant to willfulness. *Hoechst Celanese Corp. v. BP Chemicals Ltd.*, 78 F.3d 1575, 1583 (Fed. Cir. 1996). The Court will therefore deny BRP's motion in this respect as well.

Finally, BRP moves to exclude Arctic Cat from arguing that one or more claims of the patents-in-suit is invalid under 35 U.S.C. § 102(f). The Court will grant BRP's motion in this respect because Arctic Cat did not identify § 102(f) during discovery as ground on which Arctic Cat would seek to invalidate the asserted claims. This ruling does not preclude Arctic Cat from advancing its unclean-hands defense.

### J.      BRP's Motion in Limine No. 10

BRP's Motion in Limine No. 10 also contains several requests, some of which have become moot or have been resolved.

BRP moves to exclude references to other litigation matters between the parties. The Court is not optimistic that, over a four-week trial, no reference will be made to the parties' other litigation matters in Canada, Florida, the ITC, or Minnesota. Therefore, the Court will not prohibit the parties or witnesses from disclosing the fact that the parties have been involved in prior litigation. But no discussion of the status or substance of those other matters shall be made. The Court will therefore grant in part BRP's motion in this respect.

BRP also moves to exclude unasserted patents, unasserted claims, and prior claim-construction positions. The Court will grant BRP's motion in this respect. The probative value of this evidence on Arctic Cat's willfulness defense is substantially outweighed by the danger of confusing the issues, misleading the jury, and wasting time. Fed. R. Evid. 403.

BRP also asks that it be permitted to disclose the fact that the Court found the '847 patent infringed. The Court will grant BRP's motion in this respect. But the parties may not introduce the Court's order into evidence or discuss it in detail.

In all other respect, the Court will deny BRP's motion.

## II.     ARCTIC CAT'S MOTIONS IN LIMINE

### A.     Arctic Cat's Motion in Limine No. 1

Arctic Cat seeks to preclude BRP from asserting or claiming damages from uncorrected claims of the '669 patent, for which the USPTO issued a certificate of correction during the pendency of this action. The Court will deny Arctic Cat's motion. BRP may not assert **corrected** claims in this litigation. "[A] certificate of correction . . . is not to be given effect [to a] pre-certificate lawsuit." *Sw. Software, Inc. v. Harlequin Inc.*, 226 F.3d 1280, 1294 (Fed. Cir. 2000). The parties therefore may not introduce any evidence of the certificate of correction. BRP may, however, assert **uncorrected** claims of the '669 patent. The uncorrected claims do not "omit[ ] a material limitation." *H-W Tech., L.C. v. Overstock.com, Inc.*, 758 F.3d 1329, 1335 (Fed. Cir. 2014).

### B.     Arctic Cat's Motion in Limine No. 2

The Court will grant in part and deny in part Arctic Cat's motion for the same reasons that the Court will grant in part and deny in part BRP's Motion in Limine No. 5.

### C.     Arctic Cat's Motion in Limine No. 3

The Court will deny Arctic Cat's motion to bifurcate the trial between the liability phase and the damages phase under Federal Rule of Civil Procedure 42(b).

### D. Arctic Cat's Motion in Limine No. 4

Arctic Cat seeks to preclude introduction of arguments, instructions, testimony, or evidence related to the T/S Mod snowmobile. First, with respect to the pyramidal assembly of the T/S Mod, the Court will grant Arctic Cat's motion in this respect, consistent with the Court's ruling on BRP's Motion in Limine No. 8. Second, the court will tentatively grant Arctic Cat's motion with respect to the questioning of Mr. Thorson. Arctic Cat should employ leading/cross-examination style questions sparingly if possible. In all other respects, the Court will deny Arctic Cat's motion.

### E. Arctic Cat's Motion in Limine No. 5

The Court will deny Arctic Cat's motion as moot based on counsel's representations at the motion hearing.

### F. Arctic Cat's Motion in Limine No. 6

Arctic Cat moves under Rule 403 to exclude any reference to proceedings related to reexamination requests related to the '847 patent. The Court will grant Arctic Cat's motion. *See Fairchild Semiconductor Corp. v. Power Integrations*, No. 12-540, 2015 WL 10457176 (D. Del. Apr. 23, 2015). There shall be no reference to "reexamination." But evidence (including prior art) used during a reexamination may be admitted, provided that the parties use general terminology (e.g., "prosecution history") and make necessary redactions. The parties may prove and argue that certain evidence was or was not reviewed by the PTO, but may not prove or argue how many times or in what context such evidence was reviewed by the PTO. *See id.*

### G. Arctic Cat's Motion in Limine No. 7

Arctic Cat moves to exclude evidence of the Court's summary-judgment order of infringement of the '847 patent, and to exclude testimony inconsistent with the Court's claim-construction order. The Court will grant in part and deny in part Arctic Cat's motion. Consistent with the Court's ruling on BRP's Motions in Limine, BRP may state that the Court found that Arctic Cat infringed the '847 patent. Also as stated earlier, witnesses may not offer testimony that is contrary to the Court's prior orders.

### H. Arctic Cat's Motion in Limine No. 8

Arctic Cat moves under Rule 403 to preclude BRP from making any reference to a "presumption" of validity of the patents-in-suit. The Court will deny Arctic Cat's motion. That presumption is a matter of federal law. 35 U.S.C. § 282(a) ("A patent shall be **presumed** valid." (emphasis added)). The low risk of unfair prejudice, misleading the jury, and confusing the issues does not justify excluding any reference to a "presumption" of validity.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. BRP's Motion in Limine No. 2 [Docket No. 817] is **GRANTED**.

2. BRP's Motions in Limine Nos. 1, 3, 5, 9, and 10 [Docket Nos. 892, 901, 825, 926, 913] are **GRANTED IN PART** and **DENIED IN PART**.

3. BRP's Motions in Limine Nos. 4, 6, 7, and 8 [Docket Nos. 907, 854, 844, 940] are **DENIED**.

    4.    Arctic Cat's Motion in Limine [Docket No. 885] is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.    Arctic Cat's Motion in Limine No. 6 is **GRANTED**.

    b.    Arctic Cat's Motions in Limine Nos. 2, 4, and 7 are **GRANTED IN PART** and **DENIED IN PART**.

    c.    Arctic Cat's Motions in Limine Nos. 1, 3, and 8 are **DENIED**.

    d.    Arctic Cat's Motion in Limine No. 5 is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Arctic Cat shall electronically file, not later than Monday, November 13, 2017, a written proffer not exceeding thirty (30) pages demonstrating that it can present at trial sufficient evidence to support a finding that one or more of the asserted claims of the patents-in-suit are unenforceable due to laches, estoppel, waiver, or unclean hands. Until the Court rules on Arctic Cat's proffer, there shall be no mention or discussion of any of Arctic Cat's equitable defenses to the jury.

DATED: November 11, 2017            _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                 JOHN R. TUNHEIM
                                                              Chief Judge
                                            United States District Court