UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BOMBARDIER RECREATIONAL PRODUCTS, INC., and BRP U.S. INC., | Civil No. 12-2706 (JRT/LIB) |
| Plaintiffs, | **MEMORANDUM OPINION AND ORDER ON ARCTIC CAT'S EQUITABLE DEFENSES** |
| v. | |
| ARCTIC CAT INC., and ARCTIC CAT SALES INC., | |
| Defendants. | |

Harry C. Marcus, **LOCKE LORD LLP**, Three World Financial Center, New York, NY 10281, and Kevin D. Conneely and Ruth A. Rivard, **STINSON LEONARD STREET LLP**, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for plaintiffs.

Aaron A. Myers, Diane L. Peterson, and Niall A. MacLeod, **KUTAK ROCK LLP**, 60 South Sixth Street, Suite 3400, Minneapolis, MN 55402, for defendants.

### BACKGROUND

Plaintiffs Bombardier Recreational Products, Inc. and BRP U.S. Inc. (collectively "BRP") brought this action against Arctic Cat Inc. and Arctic Cat Sales Inc. (collectively "Arctic Cat"), alleging patent infringement. Arctic Cat asserts four equitable defenses against BRP: equitable estoppel, laches, waiver, and unclean hands. (Defs.' Answer, Affirmative Defenses, and Countercls. to Am. Compl., Defenses to Pls.' Compl. ("Answer") ¶¶ 10-12, Mar. 15, 2012, Docket No. 29.) The Court denied BRP's motion in limine to exclude evidence of Arctic Cat's equitable defenses at trial, but the Court expressed concern "that Arctic Cat lacks sufficient evidence to support a finding that it

will prevail on its equitable defenses." (Mem. Op. & Order at 5, Nov. 11, 2017, Docket No. 990.) The Court ordered Arctic Cat to submit a proffer showing that it could "present at trial sufficient evidence to support a finding that one or more of the asserted claims of the patents-in-suit are unenforceable" due to equitable estoppel, laches, waiver, or unclean hands." (*Id.* at 11; Defs.' Proffer, Nov. 13, 2017, Docket No. 991.) In response, BRP filed a motion for judgment as a matter of law dismissing Arctic Cat's equitable defenses. (Pls.' Mot. for J. as a Matter of Law, Nov. 14, 2017, Docket No. 1006.)

Arctic Cat has not shown that it can present sufficient evidence at trial to support a finding that one or more of the asserted claims of the patents-in-suit are unenforceable due to equitable estoppel, waiver, or unclean hands. The Court will therefore grant BRP summary judgment and dismiss those equitable defenses. In the event, however, that BRP prevails at trial and seeks a permanent injunction, the Court will consider Arctic Cat's laches defense then.

## DISCUSSION

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(f) empowers the Court to grant summary judgment independent of a motion. It provides that "the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f). "Federal district courts have power to grant summary judgment *sua sponte* when the losing party is given sufficient advance notice

and an adequate opportunity to submit evidence in opposition." *Barkley, Inc. v. Gabriel Bros., Inc.*, 829 F.3d 1030, 1041 (8th Cir. 2016) (quoting *Chrysler Credit Corp. v. Cathey*, 977 F.2d 447, 449 (8th Cir. 1992) (per curiam)).

I.  EQUITABLE ESTOPPEL

To prove that a patent is unenforceable due to equitable estoppel, an accused infringer must show (1) misleading conduct, (2) reliance on that conduct, and (3) material prejudice. *A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992) (en banc), *abrogated on other grounds by SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC*, 137 S. Ct. 954, 967 (2017).

Arctic Cat maintains that BRP unreasonably and inexcusably delayed filing this action for four years, and that BRP never notified Arctic Cat of its infringement. But silence can only constitute "misleading conduct" when there is an obligation to speak. *Aukerman*, 960 F.2d at 1028. Arctic Cat points to a 2003 letter from BRP to Arctic Cat notifying Arctic Cat of BRP's pending patent applications, but pre-issuance activity cannot give rise to equitable estoppel. *Radio Sys. Corp. v. Lalor*, 709 F.3d 1124, 1131 (Fed. Cir. 2013). Moreover, Arctic Cat has not presented evidence of any reliance on BRP's delay – e.g., a change in position that Arctic Cat would not have taken but for BRP's delay. An accused infringer's reliance based on its subjective belief of invalidity does not suffice for purposes of inequitable conduct. *Hall v. Aqua Queen Mfg., Inc.*, 93 F.3d 1548, 1558 (Fed. Cir. 1996). The Court will therefore dismiss Arctic Cat's equitable-estoppel defense.

## II. LACHES

Laches no longer bars damages in patent cases. *SCA Hygiene*, 137 S. Ct. at 967. Rather, laches may apply to equitable relief only, such as a permanent injunction. *See id.* To prove laches, an accused infringer must show (1) unreasonable and inexcusable delay in filing suit, and (2) that the delay prejudiced the accused infringer. *Aukerman*, 960 F.2d at 1032. The Court will permit Arctic Cat to assert its laches defense post-trial if BRP prevails on the merits and seeks injunctive relief. Moreover, BRP has stated that it will not object to Arctic Cat arguing "undue-delay-type facts" on any "post-trial injunctive relief that BRP may ultimately seek." (Pls.' Mem. in Supp. of Mot. for J. as a Matter of Law at 4, Nov. 15, 2017, Docket No. 1008.)

## III. WAIVER

Waiver is a voluntary and intentional relinquishment or abandonment of a known right. *Haghighi v. Russian-Am. Broad. Co.*, 173 F.3d 1086, 1088 (8th Cir. 1999). Arctic Cat invokes waiver only to bar BRP from seeking damages for post-model-year 2013 snowmobiles (Defs.' Proffer at 7-8), which the Court has already held may not be sought at trial (Mem. Op. & Order at 4-5). Because Arctic Cat does not assert waiver as a defense to any BRP's rights that BRP will assert at trial, the Court will dismiss Arctic Cat's waiver defense. But Arctic Cat may argue post-trial that BRP's right to supplemental damages has been waived, which is a higher standard than the lack of diligence that the Court found in denying BRP's request to amend its infringement contentions. (*See* Order at 27-29, Oct. 14, 2017, Docket No. 555.)

## IV.  UNCLEAN HANDS[1]

In patent cases, unclean hands applies only in "extreme circumstances." *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 15-1202, 2017 WL 275465, at *7 (E.D. Tex. Jan. 20, 2017) (Bryson, J.); *see Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011). Such circumstances are those that "shock the moral sensibilities of the judge" or are "offensive to the dictates of natural justice." *iFLY Holdings LLC v. Indoor Skydiving Germany GmbH*, No. 14-1080, 2016 WL 3675136, at *1 (E.D. Tex. Mar. 25, 2016). The accused infringer bears the burden of proving unclean hands by clear and convincing evidence. *In re Omeprazole Patent Litig.*, 483 F.3d 1364, 1374 (Fed. Cir. 2007).

Arctic Cat asserts that BRP has unclean hands because BRP has "engaged in a course of conduct where it has attempted to . . . patent the prior art, patent subject matter not eligible for patent protection, fail to name proper inventors where the inventors are not BRP employees, and make material misrepresentations and omissions to and from the U.S. Patent Office." (Proffer at 8.) But the specific factual allegations that Arctic Cat makes – even assuming that Arctic Cat could prove those facts by clear and convincing evidence – do not constitute extreme circumstances that would justify prohibiting BRP from asserting its patent rights for uncleans hands. The Court will therefore dismiss Arctic Cat's unclean-hands defense.

---

[1] Counsel for Arctic Cat represented to the Court that Arctic Cat's unclean-hands defense did not need to go to the jury for an advisory verdict. The Court is unclear whether counsel's statements constituted a voluntary dismissal of its unclean-hands defense.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' affirmative defense of equitable estoppel contained in Defendants' Tenth Affirmative Defense of Defendants' Answer, Affirmative Defenses and Counterclaims to Amended Complaint [Docket No. 29] is **DISMISSED with prejudice**.

2. Defendants' Eleventh and Twelfth Affirmative Defenses of Defendants' Answer, Affirmative Defenses and Counterclaims to Amended Complaint [Docket No. 29] are **DISMISSED with prejudice**.

3. Plaintiffs' Motion for Judgment as a Matter of Law [Docket No. 1006] is **DENIED as moot**.

DATED: November 20, 2017                      _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                      JOHN R. TUNHEIM
                                                                    Chief Judge
                                         United States District Court