UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BOMBARDIER RECREATIONAL PRODUCTS, INC., and BRP U.S. INC., <br><br> Plaintiffs, <br><br> v. <br><br> ARCTIC CAT INC., and ARCTIC CAT SALES INC., <br><br> Defendants. | Civil No. 12-2706 (JRT/LIB) <br><br><br> MEMORANDUM OPINION AND ORDER ON PLAINTIFFS' REQUEST TO CLAWBACK OR EXCLUDE DOCUMENTS |

Harry C. Marcus, **LOCKE LORD LLP**, Three World Financial Center, New York, NY 10281, and Kevin D. Conneely and Ruth A. Rivard, **STINSON LEONARD STREET LLP**, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for plaintiffs.

Aaron A. Myers, Diane L. Peterson, and Niall A. MacLeod, **KUTAK ROCK LLP**, 60 South Sixth Street, Suite 3400, Minneapolis, MN 55402, for defendants.

Plaintiffs Bombardier Recreational Products, Inc. and BRP U.S. Inc. (collectively "BRP") brought this action against Arctic Cat Inc. and Arctic Cat Sales Inc. (collectively "Arctic Cat"), alleging patent infringement. Before the Court is BRP's request to claw back 23 inadvertently disclosed privileged documents and/or to preclude their use at trial.

Because the Court finds that BRP was not diligent in preventing or remedying its inadvertent disclosure of these documents, the Court will deny BRP's request to claw back the documents. Nevertheless, the Court will find that most of the documents are inadmissible under the Federal Rules of Evidence.

## DISCUSSION

**I.      CLAW BACK**

Fed. R. Civ. P. 26(b)(5)(B) allows a party that has disclosed privileged materials to "claw back" such materials under certain circumstances.  The Court considers whether a party is entitled to claw back its material under the *Hydraflow* test.  *See Starway v. Independent School Dist. No. 625*, 187 F.R.D. 595, 597 (D. Minn. 1999).  *Hydraflow* requires consideration of 5 factors:

> (1) the reasonableness of the precautions taken to prevent inadvertent disclosure in light of the extent of document production, (2) the number of inadvertent disclosures, (3) the extent of the disclosures, (4) the promptness of measures taken to remedy the problem, and (5) whether justice is served by relieving the party of its error.

*Id*. at 597 (citing *Gray v. Bicknell*, 86 F.3d 1472, 1484 (8th Cir. 1996)).  The Eighth Circuit has concluded that this test "strikes the appropriate balance between protecting attorney-client privilege and allowing, in certain situations, the unintended release of privileged documents to waive that privilege."  *Gray*, 86 F.3d at 1484.

The Court finds that BRP is not entitled to claw back its documents.  The first factor favors Arctic Cat, as BRP fails to meet its burden of showing that the precautions taken to prevent inadvertent disclosure were reasonable.  The second and third factors slightly favor BRP, as the number and extent of inadvertent disclosures is relatively small, although Arctic Cat notes that this is not the first time that BRP has inadvertently disclosed documents.  The fourth factor strongly favors Arctic Cat, because more than three years have passed since BRP initially disclosed these documents.  Additionally,

BRP was on notice of a problem with its disclosure because it attempted to claw back other allegedly privileged documents in August 2014 and October 2015. Yet BRP failed to diligently review its disclosure. The fifth and final factor also favors Arctic Cat because BRP waited more than three years to attempt to claw back these documents, thus the interests of justice do not favor relieving BRP of its error. Because the Court finds that BRP was not diligent in protecting or reviewing its production and waited more than three years to attempt to claw back the documents, the Court will deny BRP's request.

## II.     ADMISSIBILITY

The Court finds that Federal Rule of Evidence 502(b) does not preclude admission of the 23 documents. BRP failed to take reasonable steps to prevent disclosure and failed to promptly take reasonable steps to rectify the error, as required by Rule 502(b). As such, the documents are admissible under Rule 502(b). Nevertheless, some of the documents are inadmissible under other rules of evidence:

| Document No. | Privilege Log No. | Admissibility |
|---|---|---|
| 27 | 242 | Admissible. |
| 58 | 243 | Inadmissible under Rule 402 as irrelevant. |
| 69 | 221 | Inadmissible under Rule 408 as evidence of settlement. Inadmissible under Rule 403 because the potential for prejudice substantially outweighs any probative value. |
| 70, 72, 73, 77, 78, 79, 80, 81, 82, 83, 84, 85 | 222, 224, 225, 229, 230, 231, 232, 233, 234, 235, 236, 237 | Inadmissible under Rule 403 because the potential for prejudice substantially outweighs any probative value. |
| 71 | 223 | Inadmissible under Rule 408 as evidence of settlement. Inadmissible under Rule 403 |

| | | because the potential for prejudice substantially outweighs any probative value. |
|---|---|---|
| **74** | 226 | Inadmissible under Rule 408 as evidence of settlement. |
| **75** | 227 | Inadmissible under Rule 403 because the potential for prejudice substantially outweighs any probative value. |
| **76** | 228 | Inadmissible under Rule 403 because the potential for prejudice substantially outweighs any probative value. |
| **86** | 238 | Admissible. |
| **101** | 239 | Admissible. |
| **489** | 240 | Inadmissible under the Court's prior ruling on BRP's Motion in Limine No. 10 (Docket No. 990). |
| **490** | 241 | Admissible. |

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' request to claw back documents is **DENIED**.

2. Plaintiffs' request to exclude documents is **GRANTED IN PART** and **DENIED IN PART** as set forth in the foregoing table.

DATED: November 21, 2017　　　　　　_____s/John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　United States District Court